**Exhibit "A"**

FILED: SUFFOLK COUNTY CLERK 05/28/2020 03:07 PM   INDEX NO. 606019/2020
NYSCEF DOC. NO. 1                                RECEIVED NYSCEF: 05/28/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
**AUDREY ANDERSON,**

                        Plaintiff,

       -against-

**TARGET CORPORATION,**
**FAE HOLDINGS 463465R, LLC,**
**FIRST AMERICAN EXCHANGE COMPANY, LLC**
**f/k/a FAE HOLDINGS 463465R LLC and**
**FIRST AMERICAN EXCHANGE COMPANY, LLC**

                        Defendants.
-------------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff designates
Suffolk County as
Place of Trial

**SUMMONS**

The basis of venue is
Plaintiff's residence
SUFFOLK COUNTY

Plaintiff resides at
93 Cumberbach Street
Wyandanch, NY 11798

**To the above-named Defendants:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with the summons, to serve a notice of appearance on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete if the summons is not personally delivered to you within the State of New York; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
      APRIL 27 2020

Yours, etc.

**THE ODIERNO LAW FIRM, P.C.**
Attorneys for Plaintiff
145 Pinelawn Road, Suite 130N
Melville, New York 11747
(631) 752-8580

Defendant(s) address:

**TARGET CORPORATION**
1000 Nicollet Mall
Minneapolis, MN 55403
*c/o Secretary of State*

**FAE HOLDINGS 463465R, LLC**
First American Exchange Company
215 South State Street – Suite 380
Salt Lake City, UT 84111
*c/o Secretary of State*

**FIRST AMERICAN EXCHANGE COMPANY LLC**
1000 Nicollet Mall
Minneapolis, MN 55403
*c/o Secretary of State*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X   Index No.
**AUDREY ANDERSON,**

                        Plaintiff                  **VERIFIED COMPLAINT**

    -against-

**TARGET CORPORATION,
FAE HOLDINGS 463465R, LLC,
FIRST AMERICAN EXCHANGE COMPANY, LLC
f/k/a FAE HOLDINGS 463465R LLC and
FIRST AMERICAN EXCHANGE COMPANY, LLC**

                        Defendants.
-------------------------------------------------------------------X

        Plaintiff, **AUDREY ANDERSON**, by her attorneys, **THE ODIERNO LAW FIRM, P.C.** complaining of the Defendants, respectfully sets forth the following:

        1.    At all times hereinafter mentioned, Plaintiff was and continues to be a resident of the County of Suffolk, State of New York.

        2.    Upon information and belief at all times herein mentioned the Defendant TARGET CORPORATION was and still is a foreign corporation duly organized under and by virtue of the laws of the State of Minnesota and authorized to conduct business in the State of New York.

        3.    Upon information and belief at all times herein mentioned Defendant FAE HOLDINGS 463465R, LLC was and still is a domestic limited liability company duly authorized to do business in the State of New York.

        4.    Upon information and belief at all times herein mentioned Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC f/k/a FAE HOLDINGS 463465R, LLC was and still is a domestic business corporation duly authorized to do business in the State of New York.

5. Upon information and belief at all times herein mentioned the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC was and still is a domestic corporation duly organized under and by virtue of the laws of the State of Minnesota.

6. Upon information and belief at all times herein mentioned Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC was and still is a foreign corporation duly organized under and by virtue of the laws of the State of Minnesota.

7. Upon information and belief at all times herein mentioned Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC was and still is a company duly organized under and by virtue of the laws of the State of Minnesota.

8. Upon information and belief the Defendant TARGET CORPORATION is the legal owner of the premises commonly known as 100 Willow Street, Farmingdale County of Nassau State of New York.

9. Upon information and belief, the Defendant TARGET CORPORATION is the legal owner of the premises commonly known as 100 Willow Street, Farmingdale, New York, including but not limited to the parking lot in front of said premises.

10. Upon information and belief, the Defendant TARGET CORPORATION would either themselves or have on their behalf agents, servants, employees or assigns, maintain, manage, operate, control, lease/rent, construct and fix the premises commonly known as 100 Willow Street, Farmingdale, New York, including but not limited to the parking lot in front of said premises.

11. That on the 17th day of October 2019, and for some time prior thereto, the Defendant TARGET CORPORATION, would either themselves or have on their behalf agents, servants, employees or assigns, maintain, manage, operate, control, lease/rent, construct and fix

FILED: SUFFOLK COUNTY CLERK 05/28/2020 03:07 PM
NYSCEF DOC. NO. 1

INDEX NO. 606019/2020
RECEIVED NYSCEF: 05/28/2020

the premises commonly known as 100 Willow Street, Farmingdale New York including, but not limited to, the parking in front of said premises.

12. Upon information and belief the Defendant FAE HOLDINGS 463465R, LLC is the legal owner of the premises commonly known as 100 Willow Street, Farmingdale County of Nassau State of New York.

13. Upon information and belief, the Defendant FAE HOLDINGS 463465R, LLC is the legal owner of the premises commonly known as 100 Willow Street, Farmingdale, New York, including but not limited to the parking lot in front of said premises.

14. Upon information and belief, the Defendant FAE HOLDINGS 463465R, LLC would either themselves or have on their behalf agents, servants, employees or assigns, maintain, manage, operate, control, lease/rent, construct and fix the premises commonly known as 100 Willow Street, Farmingdale, New York, including but not limited to the parking lot in front of said premises.

15. That on the 17th day of October 2019, and for some time prior thereto, the Defendant FAE HOLDINGS 463465R, LLC would either themselves or have on their behalf agents, servants, employees or assigns, maintain, manage, operate, control, lease/rent, construct and fix the premises commonly known as 100 Willow Street, Farmingdale New York including, but not limited to, the parking in front of said premises.

16. Upon information and belief the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC F/K/A FAE HOLDINGS 463465R, LLC is the legal owner of the premises commonly known as 100 Willow Street, Farmingdale County of Nassau State of New York.

17. Upon information and belief, the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC F/K/A FAE HOLDINGS 463465R, LLC is the legal owner of the premises

FILED: SUFFOLK COUNTY CLERK 05/28/2020 03:07 PM        INDEX NO. 606019/2020
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 05/28/2020

commonly known as 100 Willow Street, Farmingdale, New York, including but not limited to the parking lot in front of said premises.

18. Upon information and belief, the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC F/K/A FAE HOLDINGS 463465R, LLC would either themselves or have on their behalf agents, servants, employees or assigns, maintain, manage, operate, control, lease/rent, construct and fix the premises commonly known as 100 Willow Street, Farmingdale, New York, including but not limited to the parking lot in front of said premises.

19. That on the 17th day of October 2019, and for some time prior thereto, the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC F/K/A FAE HOLDINGS 463465R, LLC would either themselves or have on their behalf agents, servants, employees or assigns, maintain, manage, operate, control, lease/rent, construct and fix the premises commonly known as 100 Willow Street, Farmingdale New York including, but not limited to, the parking in front of said premises.

20. Upon information and belief the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC is the legal owner of the premises commonly known as 100 Willow Street, Farmingdale County of Nassau State of New York.

21. Upon information and belief, the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC is the legal owner of the premises commonly known as 100 Willow Street, Farmingdale, New York, including but not limited to the parking lot in front of said premises.

22. Upon information and belief, the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC would either themselves or have on their behalf agents, servants, employees or assigns, maintain, manage, operate, control, lease/rent, construct and fix the premises

commonly known as 100 Willow Street, Farmingdale, New York, including but not limited to the parking lot in front of said premises.

23. That on the 17th day of October 2019, and for some time prior thereto, the Defendant FIRST AMERICAN EXCHANGE COMPANY, LLC would either themselves or have on their behalf agents, servants, employees or assigns, maintain, manage, operate, control, lease/rent, construct and fix the premises commonly known as 100 Willow Street, Farmingdale New York including, but not limited to, the parking in front of said premises.

24. That on the 17th day of October 2019, and for some time prior thereto, pedestrians such as the Plaintiff would lawfully and legally traverse and/or utilize the aforementioned premises.

25. That on the 17th day of October 2019, Plaintiff AUDREY ANDERSON was carefully and lawfully walking as a pedestrian at the aforementioned location when she was caused, allowed and permitted to trip and fall due to a defective parking lot and sustained serious injury.

26. That on the 17th day of October 2019, the Plaintiff was carefully walking on the aforementioned premises when she was caused to trip and fall over a pothole on the parking lot which was defective creating a hazardous and dangerous condition and/or tripping and falling hazard for members of the public such as the Plaintiff, thereby sustaining serious personal injuries.

27. That on the 17th day of October 2019, and for some time prior thereto, the Defendants, its agents, servants, assigns, and/or employees or contract vendees negligently maintained said parking lot causing a danger and nuisance to those lawfully upon said premises

thereof, including the Plaintiff AUDREY ANDERSON, by failing to keep same safe and free of dangerous structure defects and maintain/retain same in good condition.

28. The Defendants, their servants, agents, employees, and/or assigns were careless and negligent in the upkeep management, control, maintenance and operation of the subject area of the parking lot in that same had been improperly repaired, maintained, inspected, operated and/or controlled causing a danger and nuisance to those lawfully upon said premises, thereof, including the Plaintiff herein, by failing to keep same safe and free of potholes, dangerous debris, structural defects and in good repair; in failing and omitting to warn and give notice to the Plaintiff of the dangers and hazards existing; in carelessly and negligently failing and omitting to provide and/or furnish the Plaintiff with safe and proper means of egress and ingress in and about the subject area.

29. The Defendants, their agents, servants and /or employees were negligent in that they failed to properly maintain their premises, in causing, allowing or permitting a dangerous condition to exist so as to constitute a trap and/or nuisance to the detriment of those traversing over same; in affirmatively creating a dangerous and hazardous condition; in carelessly and negligently failing to repair the aforementioned potholes in said parking lot; in allowing same to become and remain in a dangerous and unsafe condition, when said condition existed for such a period of time that the Defendants, their agents, servants, and/or employees knew or should have known of said condition; in carelessly and negligently causing and permitting the parking lot to become and to remain in a dangerous, unsafe and impassable condition, when the Defendants were aware or should have been aware that the use of the parking lot was likely to and would result in injury to those lawfully making use of it; and in the exercise of reasonable care failed, neglected, and omitted to properly inspect and maintain the parking lot; in failing and omitting to

FILED: SUFFOLK COUNTY CLERK 05/28/2020 03:07 PM
NYSCEF DOC. NO. 1

INDEX NO. 606019/2020
RECEIVED NYSCEF: 05/28/2020

warn and give notice to the Plaintiff of the dangers and hazards existing; in carelessly and negligently failing and omitting to provide and/or furnish the Plaintiff with safe and proper means of egress and ingress in and about, and affirmatively caused said dangerous and unsafe condition in the parking lot, in failing and omitting to inspect and keep safe the premises in use by member of the public; and in otherwise being careless, reckless and negligent with regard to the premises.

30. The Defendants, their agents, servants, assigns, and/or employees or contract vendees, were negligent, careless and/or reckless for failing to properly barricade or rope off, or use proper signal devices to safeguard members of the public from entering onto or from coming into contact with the aforesaid dangerous and defective condition.

31. Actual and constructive notice is claimed in that Defendants created the condition by negligently, carelessly and recklessly improperly maintaining, managing, operating and/or creating the subject area; in that the condition was or should have been obvious to the Defendants, their agents, servants, assigns, and/or employees or contract vendees had it inspected same; Defendants created, allowed and permitted same to continue to exist for a period of time prior to the time of the accident; and reasonable inspection would have enabled the named Defendants to realize and correct the dangerous condition thereby giving them notice of same.

32. That by reason of the aforesaid, Plaintiff AUDREY ANDERSON was caused to sustain severe and serious personal injuries as a result of Defendants' negligence.

33. That the aforesaid occurrence was caused solely and wholly by reason of the carelessness, recklessness, and negligence of the named Defendants, the Plaintiff in no way contributing thereto.

34. That by reason of the aforesaid, in addition to the injuries she has suffered, Plaintiff still suffers and may continue to suffer in the future great pain; she was compelled to seek medical care, attention and treatment in an effort to be cured of her said injuries and may in the future be so required; that she was disabled from attending to her usual duties and activities and may in the future be so disabled; that she was confined to her bed and home and to a hospital for a period of time and may in the future be so confined; and that the Plaintiff has been permanently injured.

35. That as a result of the afore-stated, Plaintiff AUDREY ANDERSON was caused to and did suffer painful and serious injuries to diverse parts of her body and limbs, causing her to become sick, sore, lame and disabled for a period of time and did suffer personal injuries to her mind and body, requiring her to obtain medical treatment for said injuries. The injuries sustained by this Plaintiff are permanent in their nature and character and as such, this Plaintiff prays this Court to award damages in an amount of relief as this Court deems fair and equitable. That pursuant to an amendment to 3017(c) of the CPLR, that came into effect November 27, 2003, the Plaintiff cannot assert a specific dollar amount as to the requested relief.

36. That the amount of said damages exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

37. That said Defendants may, at any time, request a supplemental demand of Plaintiff setting for the total damages to which the Plaintiff deems entitled.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants in the sum of a fair and equitable amount as this court deems just and proper, together with the costs and disbursements of this action.

Dated: Melville, New York
APRIL 27 2020

Yours, etc.

FILED: SUFFOLK COUNTY CLERK 05/28/2020 03:07 PM
NYSCEF DOC. NO. 1

INDEX NO. 606019/2020
RECEIVED NYSCEF: 05/28/2020

*[signature]*

**THE ODIERNO LAW FIRM, P.C.**
Attorneys for Plaintiff
145 Pinelawn Road
Suite 130N
Melville, New York 11747
(631) 752-8580

FILED: SUFFOLK COUNTY CLERK 05/28/2020 03:07 PM
NYSCEF DOC. NO. 1

INDEX NO. 606019/2020
RECEIVED NYSCEF: 05/28/2020

## VERIFICATION

STATE OF NEW YORK )
                  ) SS:
COUNTY OF SUFFOLK )

JOSEPH J. ODIERNO, an attorney, duly admitted to practice, sets forth the following under penalties of perjury:

I am the attorney for the Plaintiff in the action herein; I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Information obtained from conversations had with Plaintiff and records in my possession.

Plaintiff was unavailable and not present in Suffolk County at the time of this Verification.

Dated: Melville, New York
       May 27, 2020

JOSEPH J. ODIERNO

FILED: SUFFOLK COUNTY CLERK 05/28/2020 03:07 PM
NYSCEF DOC. NO. 1

INDEX NO. 606019/2020
RECEIVED NYSCEF: 05/28/2020

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

**AUDREY ANDERSON,**

                                          Plaintiff,

          -against-

**TARGET CORPORATION, FAE HOLDINGS 463465R, LLC, FIRST AMERICAN EXCHANGE COMPANY, LLC f/k/a FAE HOLDINGS 463465R LLC and FIRST AMERICAN EXCHANGE COMPANY, LLC**

                                          Defendants.

---

## SUMMONS and VERIFIED COMPLAINT

---

**THE ODIERNO LAW FIRM, P.C.**
*Attorneys for Plaintiff*
**145 Pinelawn Road
Suite 130N
Melville, New York 11747
(631) 752-8580**

---

To:
Attorneys for:

---

Service of a copy of the withinis hereby admitted.

Dated:                                     Attorneys

---

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, states:

Pursuant to 22 NYCR 13-1.1, the undersigned hereby certifies under penalty of perjury and as an officer of the court that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this document or the contentions therein are not frivolous.

Dated:

                                        **THE ODIERNO LAW FIRM, PC.**
                                        Attorneys for Plaintiff
                                        145 Pinelawn Road, Suite 130N
                                        Melville, New York 11747